# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ALFREDO M. BARELA,

       Plaintiff,

       v.                                                   CIVIL NO. 06-41 JB/DJS

JOSE ROMERO, Warden, 2 JOHN DOE
TRANSPORTING OFFICERS  C.N.M.C.F.
in their Individual and Official Capacities,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court upon the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment, filed July 17, 2006 (Doc. 10)("Motion to Dismiss").  The primary issues are: (i) whether the Court should, pursuant to rule 56 of the Federal Rules of Civil Procedure, grant summary judgment on the Defendants' behalf, because Plaintiff Alfredo Barela has failed to establish a genuine issue of material fact regarding whether he exhausted his administrative remedies; and (ii) whether the Court should, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, dismiss Barela's Complaint because it fails to state a claim upon which relief can be granted.  Because the Court finds that the record is insufficient to grant summary judgment against Barela for failing to exhaust his administrative remedies, and because, viewing the pleadings in the light most favorable to Barela, the Court believes that Barela has stated a claim upon which relief may be granted, the Court will deny the motion at the present time.

**FACTUAL BACKGROUND**

Barela's claims stem from an injury he alleges he sustained while being transported from the Central New Mexico Correctional Facility ("CNMCF") to the Western New Mexico Correctional Facility ("WNMCF") in Grants, New Mexico on March 30, 2004.  See Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Part B.1, at 2, filed January 12, 2006 (Doc. 1)("Complaint").  Barela contends that he suffered a fracture of his tail-bone because he was thrown about the transport van by the transporting officer's high-speed driving and sudden stops.  See id.  He asserts that he was shackled at his hands and feet, and that the van had no seatbelts or hand-holds.  See id.  Barela states that, when he requested the officer driving to stop the van, the officers in the van laughed at him.  See id.

**PROCEDURAL BACKGROUND**

Barela brings this action for damages pursuant to 42 U.S.C. § 1983 seeking monetary and injunctive relief for violations of his Eighth Amendment right to be free from cruel and unusual punishment, as well as a violation of his right to Due Process.  See Complaint, Part C.1, at 3-4.  The Defendants move to dismiss Barela's complaint pursuant to rule 12(b)(6).  They argue that Barela fails to state a claim under 42 U.S.C. § 1983.  Alternatively, the Defendants contend that they are entitled to summary judgment pursuant to rule 56(b).  The Defendants request the Court dismiss Barela's Complaint with prejudice, and award their costs and attorneys' fees in defending this action.

**STANDARDS FOR DECIDING A MOTION TO DISMISS**

In considering a motion to dismiss a complaint for failure to state a claim under rule 12(b)(6), a court must accept as true all factual allegations in the complaint and must draw all reasonable inferences in the plaintiff's favor.  See Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).

Where it appears beyond doubt that a plaintiff cannot prove any set of facts that would entitle him to relief, a court may dismiss the cause of action. See Jojola v. Chavez, 55 F.3d 488, 490 (10th Cir. 1995). The issue is not whether the plaintiff will ultimately prevail, but whether the plaintiff is entitled to offer evidence to support his claim. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

## **STANDARD FOR DECIDING SUMMARY JUDGMENT MOTIONS**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party seeking summary judgment has an "initial burden to show that there is an absence of evidence to support the nonmoving party's case." Munoz v. St. Mary-Corwin Hosp., 221 F.3d 1160, 1164 (10th Cir. 2000)(quoting Thomas v. IBM, 48 F.3d 478, 484 (10th Cir. 1995))(internal quotations omitted). Upon meeting that burden, the non-moving party must "identify specific facts that show the existence of a genuine issue of material fact." Munoz v. St. Mary-Corwin Hosp., 221 F.3d at 1164 (citations and internal quotations omitted).

The opposing party may not rest upon mere allegations and denials in the pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the non-moving party. Id. at 249-50 (citations omitted). Mere assertions or conjecture as to factual disputes are not enough to survive summary judgment. See Branson v. Price River Coal Co., 853 F.2d 768, 771-72 (10th Cir. 1988).

"The party opposing the motion must present sufficient evidence in specific, factual form for a jury to return a verdict in that party's favor." Id. (citations and internal quotations omitted). The mere existence of a scintilla of evidence in support of the plaintiff's position is not sufficient to avoid summary judgment; there must be evidence on which the fact finder could reasonably find for the plaintiff. See Anderson v. Liberty Lobby, Inc., 477 U.S. at 248. The non-moving party must "go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." Celotex Corp. v. Catrett, 477 U.S. at 324 (internal quotations omitted).

"In a response to a motion for summary judgment, a party cannot rest on ignorance of the facts, on speculation, or on suspicion and may not escape summary judgment in the mere hope that something will turn up at trial." Conaway v. Smith, 853 F.2d 789, 794 (10th Cir. 1988). The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996).

When evaluating a motion for summary judgment, the court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. See Sigmon v. CommunityCare HMO, Inc., 234 F.3d 1121, 1124-25 (10th Cir. 2000). The court may consider only admissible evidence when ruling on a motion for summary judgment. See World of Sleep, Inc. v. La-Z-Boy Chair, Co., 756 F.2d 1467, 1474 (10th Cir. 1985)(citing Fed. R. Civ. P. 56(e)).

## ANALYSIS

The Defendants filed their Motion to Dismiss on July 17, 2006. Barela has not filed a written response, and the time for doing so has passed. Pursuant to Local Civil Rule 7.6(a), "[a] response

must be served within fourteen (14) calendar days after service of the motion." D.N.M. LR-Civ. 7.6(a). In addition, Local Civil Rule 7.1(b) provides that "[t]he failure of a party to file and serve a response in opposition to a motion within the time prescribed for doing so constitutes consent to grant the motion." D.N.M. LR-Civ. 7.1(b).

Nevertheless, despite Barela's consent under the rule, and because he is proceeding pro se, the Court has independently reviewed the contents of the motion and the circumstances of the case to determine whether it should grant the Defendants' motion. Because the Court does not believe that there are adequate legal grounds upon which to grant the relief the Defendants request, and because the Court believes the record is insufficient to grant summary judgment against Barela for failing to exhaust his administrative remedies, the Court will not grant summary judgment on the Defendants' behalf nor dismiss the case at this time.

## I.    THE RECORD IS INSUFFICIENT TO GRANT SUMMARY JUDGMENT AGAINST BARELA FOR FAILING TO EXHAUST HIS ADMINISTRATIVE REMEDIES.

Barela has brought his cause of action under 42 U.S.C. § 1983 alleging violations of rights that the Eighth Amendment protects and of his right to due process. Congress, however, has proscribed 42 U.S.C. § 1983 lawsuits "by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because the record is insufficient to determine whether Barela exhausted his administrative remedies, the Court cannot grant summary judgment on that basis at this time.

The Defendants' motion is entitled "Defendants' Motion to Dismiss or in the Alternative for Summary Judgment," see Motion to Dismiss at 1, and they rely on documents outside the pleadings for support. Consequently, Barela was on notice that the Court might consider the motion under rule

56. See Serbin v. Consol. Rail Corp., 140 Fed. Appx. 336, 337 n.1 (3d Cir. 2005)(determining that, where a motion to dismiss was framed in the alternative for summary judgement, plaintiff was on notice of conversion); Ellibee v. Hazlett, No. 03-3023-JAR, 2006 U.S. Dist. LEXIS 80372, at *6 n.15 (D. Kan. Oct. 23, 2006)(explaining that, although the court did not provide formal notice that it would consider a motion under rule 56, the plaintiff was on notice that it might do so when "the motion was a motion to dismiss or in the alternative, a motion for summary judgment given the fact that the title of the motion indicates as much, and the defendant relied on documentation outside the pleadings for support.").

The United States Court of Appeals for the Tenth Circuit had previously characterized the exhaustion of administrative remedies as a pleading requirement that a prisoner must meet before federal district courts can adjudicate the prisoner's civil rights claims. See Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1210 (10th Cir. 2003)("[A] complaint 'that fails to allege the requisite exhaustion of remedies is tantamount to one that fails to state a claim upon which relief may be granted.'")(quoting Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998)). To effectuate this rule, the Tenth Circuit required that "a prisoner must provide a comprehensible statement of his claim and also either attach copies of administrative proceedings or describe their disposition with specificity." Steele v. Fed. Bureau of Prisons, 355 F.3d at 1211.

On January 22, 2007, however, in a unanimous opinion that Chief Justice Roberts authored, the Supreme Court of the United States resolved a split among the Circuit Courts of Appeals and concluded that "failure to exhaust is an affirmative defense . . . [and] inmates are not required to specially plead or demonstrate exhaustion in their complaints." Jones v. Bock, 127 S. Ct. 910, 921 (2007). The Tenth Circuit has recognized that the Supreme Court's ruling in Jones v. Bock

necessarily changes the district court's procedural analysis in a prisoner's civil rights action.

> [A prisoner] no longer has the duty of pleading exhaustion, and therefore it is no longer appropriate for the district court to require an affirmative showing of exhaustion at this stage of the case. As Jones [v. Bock] makes clear, exhaustion is an affirmative defense and defendants now have the burden of asserting the failure to exhaust in their response pleadings.

Freeman v. Watkins, 479 F.3d 1257, 1260 (10th Cir. 2007). Under this new framework, the Tenth Circuit has cautioned that "only in rare cases will a district court be able to conclude from the face of the complaint that a prisoner has not exhausted his administrative remedies and that he is without a valid excuse." Id. (quoting Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)).

In his Complaint, Barela asserts that "administrative relief was sought with no answer." Complaint, Part C.D.2, at 5. Barela makes no other reference to administrative remedies and does not describe the administrative relief he sought or the relief channels he pursued. In association with their response pleadings, the Defendants have submitted affidavits from the grievance officers at the CNMCF and the WNMCF indicating that the facilities' records do not reflect Barela having filed any administrative grievance procedures during the time periods relevant to this matter. See Motion to Dismiss, Exhibit A, Affidavit of Michael Burkhart ¶¶ 5-6, at 1-2 (dated July 7, 2006)("Burkhart Affidavit"); Motion to Dismiss, Exhibit B, Affidavit of George Garcia ¶¶ 5-6, at 1-2 (dated July 7, 2006)("Garcia Affidavit"). Barela has not filed a response to the Defendants' Motion to Dismiss or the accompanying materials.

Under rule 56, Barela, as the non-moving party, may not rest upon mere allegations and denials in his pleadings, but must set forth specific facts showing that there is a genuine issue for trial. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)(citing Fed. R. Civ. P. 56(e)). Barela has attached to his Complaint a sworn certification that the information contained in his

Complaint is true and correct.  <u>See</u> Complaint, Declaration Under Penalty of Perjury, at 8.  Barela's Complaint, therefore, takes on the character of sworn testimony.  To survive a motion for summary judgment, however, Barela must "go beyond the pleadings and . . . designate <u>specific</u> <u>facts</u> showing that there is a genuine issue for trial."  <u>Celotex Corp. v. Catrett</u>, 477 U.S. at 324 (emphasis added).

Nevertheless, the Tenth Circuit has instructed that, "[w]hen a district court is given the opportunity to address the exhaustion question due to affirmative but not conclusive statements in the prisoner's complaint, . . . 'a district court cannot dismiss the complaint without first giving the inmate an opportunity to address the issue.'"  <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d at 1225 (quoting <u>Anderson v. XYZ Corr. Health Servs.</u>, 407 F.3d 674, 682 (2005)).  The district court must also keep in mind that "to determine whether an inmate has exhausted his administrative remedies requires an understanding of the remedies available and thus likely would require information from the defendant as well as the inmate."  <u>Aquilar-Avellaveda v. Terrell</u>, 478 F.3d at 1225-26 (quoting <u>Anderson v. XYZ Corr. Health Servs.</u>, 407 F.3d at 683 n.5).

Barela has made an affirmative, but not conclusive statement regarding whether he exhausted his administrative remedies.  The affidavits that the Defendants submitted to the Court explain that all grievances are logged and assigned a number, and indicate that the New Mexico Corrections Department's policy requires grievances to be filed within fifteen days of the incident giving rise to the complaint, but they do not describe the remedial procedures available to a prisoner.  <u>See</u> Burkhart Affidavit ¶¶ 3-4, at 1; Garcia Affidavit ¶¶ 3-4, at 1.  Because of the nature of Barela's pleadings, his pro se status, and the recent developments in Supreme Court and Tenth Circuit caselaw, the Court believes that, based on the information currently in the record, it would be inappropriate to grant summary judgment without giving Barela the opportunity to address the exhaustion of remedies

issue. The Court will not grant summary judgment on the record before it at this time. Barela has thirty days from the date of entry of this order to supplement the record with specific facts regarding the nature of his administrative remedial efforts and describing in what manner he has either exhausted his administrative remedies or had his attempts to do so frustrated or refuted. Specifically, Barela must present, under oath, any documents that show he sought administrative relief and, irrespective whether he has such documents, describe, under oath, specifically when he sought administrative relief, how he sought administrative relief, from whom he sought administrative relief, and what, if anything, happened to those requests. If Barela does not respond to this order within thirty days from the date of entry of this order to supplement the record, the Court will dismiss his Complaint for failure to exhaust administrative remedies.

## II.    THE COURT WILL NOT DISMISS BARELA'S ACTION FOR FAILURE TO STATE A CLAIM OF AN EIGHTH AMENDMENT VIOLATION OR A DEPRIVATION OF DUE PROCESS.

Barela's Complaint alleges violations of the Eighth Amendment and deprivation of due process. In determining whether to dismiss Barela's action for failure to state a claim, the Court must accept as true all factual allegations in Barela's Complaint and must draw all reasonable inferences in his favor. The Court need not decide whether Barela will ultimately prevail, but only whether his claims are cognizable in federal court and whether he is entitled to present evidence in support of his action.

Barela asserts violations of the Eighth Amendment and due process in association with injuries he suffered during transport from CNMCF to WNMCF. Barela contends that he suffered a fracture of his tail-bone because he was thrown about the transport van by the transporting officer's high-speed driving and sudden stops. See Complaint, Part B.1, at 2. He asserts that he was shackled

at his hands and feet, and that the van had no seatbelts or hand-holds. See id. Barela states that, when he requested the officer driving to stop the van, the officers in the van laughed at him. See id. For the purposes of ruling on the Defendants' Motion to Dismiss, the Court must accept these factual allegations as true.

The Supreme Court has held that "a prison official's 'deliberate indifference' to a substantial risk of serious harm" implicates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 828 (1994). An official violates the Eighth Amendment when two conditions are met: (i) the official causes an injury that, objectively, is "sufficiently serious," i.e., an injury that equates to the "denial of the minimal civilized measure of life's necessities;" and (ii) the official has a "sufficiently culpable state of mind." Id. at 834 (internal quotations omitted). The second condition represents the functional application of the deliberate indifference standard. See Smith v. Cummings, 445 F.3d 1254, 1258-59 (10th Cir. 2006)("To establish a cognizable Eight Amendment claim for failure to protect [an inmate from harm], the plaintiff must show that he is incarcerated under conditions posing a substantial risk of serious harm, the objective component, and that the prison official was deliberately indifferent to his safety, the subjective component.")(quoting Verdecia v. Adams, 327 F.3d 1171, 1175 (10th Cir. 2003)). For the purpose of Eighth Amendment analysis, the Tenth Circuit has equated deliberate indifference with recklessness. See Belcher v. United States, No. 06-3009, 2007 U.S. App. LEXIS 3799, at **7-8 (10th Cir. Feb. 20, 2007)(quoting Smith v. Cummings, 445 F.3d at 1258).

The Tenth Circuit has had occasion to consider an Eighth Amendment claim involving prisoners who were transported while handcuffed and shackled, but not strapped into seatbelts. In Dexter v. Ford Motor Co., 92 Fed. Appx. 637 (10th Cir. 2004), Utah state prisoners filed suit after

being injured when a fifteen passenger transport van in which they were traveling strayed onto a highway median and rolled over. The plaintiffs in Dexter v. Ford Motor Co. alleged that the van in which they were traveling was equipped with seatbelts, but that the transport officers refused to assist the handcuffed prisoners fasten the belts. See id. at 638. The plaintiffs also contended that the officer driving the van was speeding and that the accident occurred when his attention diverted from the highway as he reached for food or a beverage. See id.

In evaluating whether the plaintiffs' claims in Dexter v. Ford Motor Co. satisfied the Eighth Amendment objective test, the Tenth Circuit noted that the plaintiffs had based their case solely on whether failure to seatbelt inmates poses a substantial risk of serious harm. See id. at 640-41. The Tenth Circuit in Dexter v. Ford Motor Co. expressly stated that it was not considering whether failure to seatbelt combined with reckless driving supports an Eighth Amendment claim. See id. at 640. Indeed, the plaintiffs in Dexter v. Ford Motor Co. conceded that an allegation of reckless driving was not part of their claim. See id.

Evaluating the plaintiffs' claim in that factual context, the Tenth Circuit in Dexter v. Ford Motor Co. rejected the claim, because, in part, "[t]he risk of a motor vehicle accident is dependent upon a host of factors unrelated to the use of seatbelts, viz., vehicular condition, time of day, traffic, signage, warning lights, emergency circumstances, weather, road conditions, and the conduct of other drivers." Id. at 641. The Tenth Circuit explained that, although a failure to seatbelt may exacerbate the harmful results of an accident, it did not directly cause accidents, and therefore "a failure to seatbelt does not, of itself, expose an inmate to risks of constitutional dimension." Id. In reaching its conclusion, the Tenth Circuit distinguished Dexter v. Ford Motor Co. from Pendleton v. Schroeder, No. C 98-0791 FMS, 1998 U.S. Dist. LEXIS 7790 (N.D. Ca. May 22, 1998), a case

in which, according to the Tenth Circuit in <u>Dexter v. Ford Motor Co.</u>, the plaintiff's complaint "alleged an <u>Eighth Amendment</u> violation based on the <u>combined</u> factors of failure to seatbelt <u>and</u> a prison practice to transport prisoners in vans arranged convoy-style between other law enforcement vehicles." <u>Dexter v. Ford Motor Co.</u>, 92 Fed. Appx. at 642 n.7 (emphasis in original).

Despite the factual similarity, the Court believes that Barela's pleading distinguishes his case from <u>Dexter v. Ford Motor Co.</u> Barela represents that the transport van in which he was injured was not equipped with seatbelts, and alleges that the officer driving the van was "driving 85 to 90 miles per hour and stopping [] sudden[ly] on the highway." Complaint, Part B.1, at 2. Based on these allegations, the Court believes that Barela has articulated a cognizable claim for failure to seatbelt combined with reckless driving and satisfied the objective component of an Eighth Amendment claim.

The Court also believes that Barela's Complaint is sufficient to satisfy the subjective component of an Eight Amendment claim. The Court believes that a reasonable officer would understand that driving a transport van at high speeds, and stopping erratically, is likely to endanger prisoners who are unsecured and who cannot brace themselves because they are handcuffed and shackled. More important, however, Barela has pled that these particular officers were actually aware of these conditions and were indifferent to the consequences of their actions. Barela's Complaint alleges that he "asked the officer [driving the van] to stop the van, but [the transporting officers] just laughed at [him]." Complaint, Part B.1, at 2. Barela's Complaint describes conditions of which a reasonable person should have been aware were likely to result in danger or harm; that the transporting officers were aware, or should have been aware, of this danger and disregarded it, suggests that they acted with recklessness. The Court believes that Barela has satisfied the subjective

component of an Eighth Amendment claim.

The Court cannot say that Barela will prevail on his Eighth Amendment claim, but it need not decide that issue at this time. It is enough that viewing the Complaint and all reasonable inferences therefrom in the light most favorable to Barela, he has articulated a cognizable claim under the Eighth Amendment. The Court will not dismiss Barela's Complaint at this time.

## III.   THE COURT WILL DENY THE DEFENDANTS' REQUEST FOR COSTS AND ATTORNEYS' FEES.

The Defendants request attorneys' fees and costs in defending this action. See Motion to Dismiss at 11. "It is the general rule in the United States that in the absence of legislation providing otherwise, litigants must pay their own attorney's fees." Christianburg Garment Co. v. EEOC, 434 U.S. 412, 415 (1978). For actions proceeding under 42 U.S.C. § 1983, however, the Court may, in its discretion, "allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988(b). Nevertheless, subject to limited exceptions that the Defendants have not alleged are applicable to this case, "[i]n any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, . . . such fees shall not be awarded." 42 U.S.C. § 1997e(d)(1).

The Court has denied the Defendants' motion and therefore the Defendants can not be characterized as the prevailing party at this time. Moreover, because Barela is incarcerated at the WNMCF, and alleges constitutional violations that occurred while he was a prisoner in the State of New Mexico prison system, the Defendants are not entitled to attorneys' fees in this action. In any case, even if fees were authorized, the Court would exercise its discretion not to award fees because it is not convinced that Barela's action was frivolous, unreasonable, or brought in bad faith. Under

the circumstances of this case, and based on the record before it, the Court will not award fees at this time.

**IT IS ORDERED** that the Defendants' Motion to Dismiss or in the Alternative for Summary Judgment is denied at the present time. The Plaintiff has thirty days from the date of entry of this order to supplement the record with specific facts regarding his administrative remedial efforts and describing in what manner he has either exhausted his administrative remedies or had his attempts to do so frustrated or refuted. Specifically, Barela must present, under oath, any documents that show he sought administrative relief and, irrespective whether he has such documents, describe, under oath, specifically when he sought administrative relief, how he sought administrative relief, from whom he sought administrative relief, and what, if anything, happened to those requests. If the Plaintiff does not respond to this order within thirty (30) days from the date of entry of this order to supplement the record, the Court will dismiss his Complaint for failure to exhaust administrative remedies.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Alfredo M. Barela
Grants, New Mexico

   *Plaintiff Pro se*

Regina Y. York
   Deputy General Counsel
New Mexico Corrections Department
Santa Fe, New Mexico

   *Attorney for the Defendants*